Overton, J.
delivered the following opinion of the Court:—
The pleadings in this case present the following statement: Southerland Mayfield, in his lifetime, to wit: on the 7th day of May, 1785, gave his *49 bond, binding bimself, his heirs, &c. in the penal sum of 2007 Virginia currency, conditioned, to make Thomas Smith a title to 100 acres of land. Smith assigned the bond to James Byrn, on the 21st of November, 1804. Byrn, on the 29th of August, 1806, assigned it to John Mayfield, one of the heirs of the obligor, by whom it was afterwards assigned to the plaintiff; and after this assignment, from John Mayfield to the plaintiff, the assignor, Mayfield, took out letters of administration on the estate of his deceased father. Sneed, the plaintiff, then brought suit against him as administrator. Plene administravit was pleaded and found for him ; damages were assessed by a jury, and judgment, quando acoiderent, taken against him as administrator. A scire facias issued agreeably to an act of Assembly, against the heirs, to show cause why the debt should not be made from the real assets descended. To this action, the defendants, George and James, pleaded, jointly, eight different pleas; but as only the first and fifth pleas, which are demurred to, are brought before this Court, the others will pass unnoticed.
The first plea asserts that the plaintiff, or those under whom he claims, did not make claim within seven years after the decedent’s death, and therefore the claim is barred.
The Court in this cause, deem it unimportant to inquire whether the Act of 1715, referred to at the bar, intended to embrace demands against heirs or not. They will only say, that if it did, the Act of 1789 does not seem to repeal it as to heirs.
The substance of the fifth plea is that the transfer of the bond to John Mayfield, one of the heirs, extinguished the debt.
On the other side, it is insisted, that the heirs are not competent to plead this matter; that the Act of 1784, having provided that an heir may contest the truth of the plea of plene administravit, pleaded by an executor or administrator, implies that it was the meaning of the Legislature, no other matter should be brought into contest by the heir, on a scire facias, after the passage of the Act.
The Court dissent from this reasoning, and believe it to have been the intention of the Legislature not to have taken away any legal privileges which the heir possessed before. Lest it might be supposed that the heir would be concluded, by the finding of a jury, upon an issue joined between the claimant and the personal representative, the Legislature, to remove all doubt on that subject, enacted that the finding of no personal assets in a suit over which the heir had no control, shall not affect his rights. Res inter alios non nocet is not only a maxim of the common law,' but of the law of nature. On this ground, therefore, the plea was proper.
In relation to the matter of the plea we are of opinion it is sufficient to bar the plaintiff. When John Mayfield obtained the interest of this bond, he, together with his two brothers, were jointly liable to satisfy it. *50 From the pleadings, it appears, there was no personal assets; - the heirs were particularly named in the obligation, and were liable by the common law. The transfer to John Mayfield, under the circumstances disclosed in the pleadings, amounted to a payment, satisfaction, or extinguishment. At this time there was no person against whom he could bring his action on the bond. The right of action, on the bond, was at least suspended ; and, once suspended, it never could be revived. 2 Dyer, 140, a.. It has, however, been contended, by the plaintiff’s counsel, that there was only a suspension of a particular remedy; and that although the remedy on the instrument may be extinguished, there was one existing, either in law or equity, or perhaps in both, after the assignment to John Mayfield. 2 Ves. 569. It is sufficient for the Court to say that the present action is founded mediately on the bond. In law, and on this bond, the remedy was lost by the assignment to John Mayfield. The demurrer to the fifth plea must therefore be overruled; and judgment given for the defendants.